**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
FLAVIO ANDRADE PRADO, JR.,     )
                               )
          Petitioner,          )
                               )    Civil Action
v.                             )    No. 20-10191-PBS
                               )
THOMAS M. HODGSON,             )
Bristol County Sheriff,        )
                               )
          Respondent.          )
_____)
```

**ORDER**

March 19, 2020

Saris, D.J.

Petitioner Flavio Andrade Prado, Jr. brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019) ("Brito"). Petitioner argues that his immigration bond hearing did not meet due process standards because he was required to bear the burden of proof, rather than the Government. Petitioner claims he was prejudiced by this error and so is entitled to receive a new bond hearing. Respondent contends that Prado cannot demonstrate prejudicial injury because there is sufficient evidence that his release would pose a danger to the community and that he is a risk of flight. For the reasons

1

stated below, the Court hereby **DENIES** the petition (Docket No. 1).[1]

**LEGAL STANDARD**

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge

---

[1] Petitioner requests that the Court consider the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than Rule 4 of the Federal Rules Governing Section 2254 Cases. Docket No. 11 at 8-9 n.11. Here, the Court evaluates the petition under Rules 4 and 5 of the Federal Rules Governing Section 2254 Cases. See Rule 1(b) of the Federal Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition . . . .").

      must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

415 F. Supp. 3d at 271. The Court held that class members who had received an unlawful hearing could seek relief by "show[ing] prejudice via an individual habeas petition." Brito v. Barr, 395 F. Supp. 3d 135, 148 (D. Mass. 2019).

    To establish prejudice, a petitioner must show that a due process violation could have affected the outcome of the custody redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019) (citing Pensamiento, 315 F. Supp. 3d at 693; then citing Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice inquiry requires the court to conduct "an individualized assessment of [the petitioner's] criminal history and personal characteristics." Brito, 395 F. Supp. 3d at 147.

### **FACTS**

    Petitioner is a citizen of Brazil. Brazilian criminal records indicate that Petitioner was arrested in Brazil for vehicle theft in 1998 and 1999 and theft in 2003. Petitioner was then arrested for rape. He was placed in prison to await trial in September 2005 and was convicted in 2006. DHS records indicate that Petitioner was convicted "in abstentia." Docket No. 1-4 at 3.

3

Petitioner alleges that he was beaten and tortured in prison. He also alleges that, because gangs in prison tried to recruit him to smuggle in drugs, he escaped from prison and fled Brazil out of fear for his life in May 2008.

Petitioner entered the United States without inspection in 2008, after using his brother's passport to travel from Brazil to Panama. Petitioner does not have any lawful status in the United States.

Petitioner has been married to a U.S. citizen since 2012 and has two U.S. citizen children. Petitioner works in construction and provides childcare for his children.

In September 2012, Petitioner was arrested and charged with driving without a license. He provided his brother's name at the time of arrest.

In February 2019, a Civil Police Agent in Brazil contacted the U.S. Immigration and Customs Enforcement ("ICE") representative in Brazil with information related to an arrest warrant issued in 2012 for the "recapture" of a Brazilian national identified with the Petitioner's name and birthdate. Docket No. 10-1 ¶ 6-7.

In April 2019, ICE arrested the Petitioner at his residence in Brockton, Massachusetts. Petitioner received a bond hearing before Immigration Judge Mario J. Sturla on June 4, 2019. At that hearing, Petitioner submitted a dozen letters of support

from his wife, friends and neighbors. The immigration judge found that the Petitioner had failed to demonstrate that he was not a danger to the community or a flight risk, and consequently declined to release him on bond.

Immigration Judge Todd A. Masters held hearings in August, September, and October 2019 on the merits of Petitioner's application for relief from removal. The Court heard testimony from the Petitioner and his wife and reviewed written submissions from the Petitioner and the Government. Petitioner also submitted a letter allegedly from the rape victim from his 2006 conviction. In the letter, the victim recanted her rape allegation and admitted to falsely testifying during the Petitioner's trial.

On December 10, 2019, Immigration Judge Masters denied Petitioner's applications for asylum, withholding of removal, protection under the Convention Against Torture, cancellation of removal, and voluntary departure. The Court found Petitioner's testimony regarding "his experience in Brazil and his fear of return" to be credible. Docket No. 10-2 at 12. However, the Court did not credit the Petitioner's "testimony regarding his criminal arrest and conviction" for rape. Id.

The Court found that the Petitioner's rape conviction "constitute[d] a valid conviction for immigration purposes." Id. at 13. The Court rejected Petitioner's allegations that he was

convicted in absentia and without due process. The Court noted that during his immigration merits hearing, Petitioner indicated to the Immigration Court that in his rape case "witnesses testified, and evidence was presented both on his behalf and against him" while Petitioner was present. Id.

The Court also declined to give significant weight to the purported letter from the rape victim, in part because the Court found "the circumstances and the timing under which the [Petitioner received the letter] to be highly improbable." Id. at 14. Finally, the Court found the Petitioner's argument that he was convicted of rape because of political bias on the part of the presiding officer to be "speculative in nature." Id. at 16.

The judge ordered the petitioner removed to Brazil. The Petitioner appealed the decision to the BIA on January 7, 2020, and the appeal remains pending.

## DISCUSSION

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the

6

    seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of his bond hearing would have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

    **I.**    **Danger to the Community**

Brito requires the Government to prove that an alien detained pursuant to Section 1226(a) is dangerous by clear and convincing evidence. See Brito, 415 F. Supp. 3d at 267.

The Respondent argues that the allocation of the burden of proof could not have affected the outcome of the bond hearing before Immigration Judge Mario J. Sturla, because the arguments presented by Petitioner here were rejected by Immigration Judge Todd A. Masters during Petitioner's later merits proceedings. See Docket No. 10-2 at 12-22 (rejecting Petitioner's claims that his rape conviction was politically motivated, occurred in abstentia, and lacked due process, and finding letter from rape victim to have been submitted under "improbable" circumstances).

Given the extensive findings by the Immigration Court during the Petitioner's merits hearing, many of which addressed the same arguments raised by Petitioner here, Petitioner has not demonstrated that he suffered prejudice from bearing the burden of proof as to dangerousness. The Immigration Court has already, on the basis of documentary evidence, made findings of fact on the issues raised by Petitioner here. Cf. Hernandez-Lara v. ICE, No. 19-cv-394-LM, 2019 WL 3340697, at *2, *7 (D.N.H. July 25, 2019) (finding prejudice in bond hearing where detainee bore burden of proof and immigration judge noted that he did not have documentation regarding the detainee's alleged criminal conduct). Petitioner has not demonstrated that the burden allocation "could have affected" the Immigration Court's assessment of dangerousness, even under heightened burden of clear and convincing evidence. See Doe, 2019 U.S. Dist. LEXIS 22616, at *3-4.

## II.  Risk of Flight

Pursuant to the Court's holding in Brito, the Government carries the burden to prove that an alien poses a flight risk by "a preponderance of the evidence." See Brito, 415 F. Supp. 3d at 267.

The Government argues that Petitioner is a flight risk because of his criminal history in Brazil and escape from jail.

The Government contends that Petitioner has an incentive to flee in order to avoid deportation to Brazil and a return to prison.

In response, Petitioner notes that he has been married to a U.S. citizen since 2012, has two U.S. citizen children, and lacks a serious criminal record since his entry into the United States in 2008. Given these countervailing factors, Petitioner argues that the burden allocation at his bond hearing could have affected the Immigration Court's assessment of flight risk.

The Court finds that the burden allocation could not have affected the Immigration Court's assessment of flight risk where, as here, the Petitioner has previously escaped confinement and now faces not only deportation to Brazil but also a return to prison.

## CONCLUSION

Petitioner was not prejudiced by the burden allocation as to either dangerousness or flight risk. Accordingly, he is not entitled to a new bond hearing. The petition for a writ of habeas corpus (Docket No. 1) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge